IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORPORACIÓN MEXICANA<br>  DE MANTENIMIENTO INTEGRAL,<br>  S. DE R.L. DE C.V.,<br>Homero 534 Piso 7<br>Colonia Chapultepec Morales<br>México, D.F. C.P. 11570<br><br>            Petitioner,<br><br>      v.<br><br>PEMEX EXPLORACIÓN<br>  Y PRODUCCIÓN,<br><br>            Respondent. | CASE NUMBER: _____ |

## NOTICE OF PETITION
## TO CONFIRM FOREIGN ARBITRAL AWARD

To: Pemex – Exploracion y Produccion              Pemex-Exploración y Producción
    Gerencia de Recursos Materiales                Gerencia de Contratos
    Boulevard Adolfo Ruiz Cortines No. 1202        Torre Empresarial
    Edificio Piramide, Piso 4                       Paseo Tabasco # 1203
    Fracc, Oropeza                                  Col. Col. Linda Vista
    Villahermosa, Tabasco                           Villahermosa, Tabasco c.p. 86050
    United Mexican States                           United Mexican States
    Attn: Ing. Guillermo Iturbide Ruiz              Attn: Ing. Victor Manuel Bahena Bustos

PLEASE TAKE NOTICE that upon the annexed Petition to Confirm Foreign Arbitral Award and the accompanying Affidavit of Christopher M. Paparella, sworn to on March 12, 2008, with exhibits thereto, and upon the accompanying Memorandum of Law, Petitioner will move this Court for an order pursuant to 9 U.S.C. §§207, 302 and 304 confirming, recognizing and enforcing the final arbitral award entered in an arbitration between Petitioner and Respondent, directing that a judgment be entered against Respondent in the amount of the

award plus interest and costs as provided therein, awarding Petitioner the costs of this proceeding, and awarding Petitioner such other and further relief as the Court deems just and proper.

Washington, D.C.
March 19, 2008

                        HUGHES HUBBARD & REED LLP

By: _____
      Robert M. Kennedy, Jr.
      D.C. Bar No. 459966
      1775 I Street, N.W.
      Washington, D.C. 20006-2401
      (202) 721-4600

      Attorneys for Petitioner

<u>Of Counsel</u>:

Christopher M. Paparella
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 19, 2008, a true and correct of the attached **NOTICE OF PETITION TO CONFIRM FOREIGN ARBITRAL AWARD** was served via registered mail, postage pre-paid, upon the parties listed below:

Pemex – Exploracion y Produccion
Gerencia de Recursos Materiales
Boulevard Adolfo Ruiz Cortines No. 1202
Edificio Piramide, Piso 4
Fracc, Oropeza
Villahermosa, Tabasco
United Mexican States
Attn: Ing. Guillermo Iturbide Ruiz

Pemex-Exploración y Producción
Gerencia de Contratos
Torre Empresarial
Paseo Tabasco # 1203
Col. Col. Linda Vista
Villahermosa, Tabasco c.p. 86050
United Mexican States
Attn: Ing. Victor Manuel Bahena Bustos

_____
Robert M. Kennedy, Jr.

W6-60247219_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CORPORACIÓN MEXICANA<br>   DE MANTENIMIENTO INTEGRAL,<br>   S. DE R.L. DE C.V.,<br>Homero 534 Piso 7<br>Colonia Chapultepec Morales<br>México, D.F. C.P. 11570<br><br>           Petitioner,<br><br>           v.<br><br>PEMEX EXPLORACIÓN<br>   Y PRODUCCIÓN,<br><br>           Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NUMBER: _____ |

## PETITION TO CONFIRM FOREIGN ARBITRAL AWARD

Petitioner Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. ("Commisa"), by its attorneys, Hughes Hubbard & Reed LLP, alleges as follows in support of its petition for an order pursuant to 9 U.S.C. §§207, 302 and 304: (i) confirming, recognizing and enforcing the final arbitral award entered by the arbitrators (the "Award") in the arbitration between Petitioner and Respondent PEMEX Exploración y Producción ("PEP") captioned *Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. vs. Pemex-Exploracion y Produccion*, ICC Case No. 13716/CCO/JRF (the "Arbitration"); (ii) directing that a judgment be entered in Petitioner's favor against Respondent in the amount of the award plus interest and costs as provided therein, plus the costs of this proceeding; and (iii) awarding Petitioner such other and further relief as the Court deems just and proper.

## PARTIES, JURISDICTION AND VENUE

1.       Petitioner Commisa is a corporation organized and existing under the laws of Mexico. Commisa's addresses are Homero 534 Piso 7, Colonia Chapultepec Morales, México, D.F. C.P. 1157. Commisa is a subsidiary of KBR, Inc., a corporation organized and existing under the laws of the State of Delaware and with headquarters at 601 Jefferson Street, Suite 3400, Houston, Texas 77002.

2.       Respondent PEMEX Exploración y Producción ("PEP") is a decentralized entity of the Federal Government of the United Mexican States.

3.       PEP is a foreign state within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. §1603(a). PEP is not entitled to immunity under the Foreign Sovereign Immunities Act with respect to the relief sought in this proceeding because, among other things, 28 U.S.C. § 1605(a)(6) provides that a foreign state is not immune from a proceeding that is brought:

> [E]ither to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or <u>to confirm an award made pursuant to such an agreement to arbitrate, if</u> (A) the arbitration takes place or is intended to take place in the United States, (B) <u>the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards</u>, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or under section 1607, or (D) paragraph (1) of the subsection [waiver] is otherwise applicable . . . .

28 U.S.C. § 1605(a)(6) (emphasis added).

4. This Court has jurisdiction over this proceeding and is a proper venue for this proceeding pursuant to the Inter-American Convention on International Commercial Arbitration, 9 U.S.C. §§301 et seq. (the "Inter-American Convention") and the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602 et seq. for the following reasons.

5. This proceeding seeks enforcement of an arbitral award in an international commercial arbitration conducted under the Rules of Arbitration of the International Chamber of Commerce and administered by the International Court of Arbitration of the International Chamber of Commerce (the "ICC"). The arbitration took place in Mexico and the parties were a Mexican corporation owned by a United States corporation (Petitioner Commisa) and a Mexican entity (Respondent PEP). Mexico and the United States are signatories to the Inter-American Convention and are members of the Organization of American States. Hence, this proceeding is governed by the Inter-American Convention, 9 U.S.C. §§301 et seq.

6. This Court has original subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. §302, which incorporates by reference 9 U.S.C. §203 and which therefore provides that the United States District Courts have original subject matter jurisdiction over a proceeding governed by the Inter-American Convention.

7. This Court also has original subject jurisdiction over this proceeding pursuant to 28 U.S.C. §1330(a), which provides that the district courts shall have original jurisdiction of any nonjury civil action against a foreign state as defined in 28 U.S.C. §1603(a) with respect to which the foreign state is not entitled to immunity

3

under either 28 U.S.C. §§1605-1607 or any applicable international agreement. As shown above, 28 U.S.C. § 1605(a)(6) provides that PEP is not entitled to immunity from this proceeding because, among other things, it is brought to confirm an arbitral award rendered pursuant to an arbitration agreement governed by the Inter-American Convention. Nor is PEP immune from the relief sought in this proceeding under any applicable international agreement.

8. Venue is proper in this Court pursuant to 9 U.S.C. § 1391(f), which provides that a civil action against a foreign state as defined in 28 U.S.C. §1603(a) may be brought in this Court.

9. Venue is also proper in this Court pursuant to 9 U.S.C. § 302, which incorporates by reference 9 U.S.C. §204. As provided in 9 U.S.C. §204, this is a Court in which, save for the arbitration agreement between Petitioner and Respondent, an action or proceeding with respect to the controversy between the parties could be brought because, as noted above, under 28 U.S.C. §1391(f) a civil action against a foreign state may be brought in the United States District Court for the District of Columbia.

10. This Court has personal jurisdiction over PEP pursuant to 28 U.S.C. §1330(b), which provides that this Court can exercise personal jurisdiction over a foreign state in an action with respect to which the foreign state is not entitled to immunity under 28 U.S.C. §1605.

## BACKGROUND

11. The documents relevant to this proceeding are annexed as exhibits to the accompanying affidavit of Christopher M. Paparella, sworn to on March 12, 2008 ("Paparella Affidavit"). These are as follows:

Exhibit 1: a certified copy of the Award for which confirmation, recognition and enforcement is sought in this proceeding;

Exhibit 2: a certified English translation of the Award;

Exhibit 3: a copy of a dissent as to certain portions of the award by the arbitrator appointed by Respondent PEP, together with a certified translation thereof. The dissent is not part of the Award and is not the subject of this confirmation proceeding;

Exhibit 4: a true copy of the "Model Contract" portion of the contract between Petitioner Commisa and Respondent PEP (the "EPC 28 Contract") that contains their arbitration agreement and which is in the record in the Arbitration; and

Exhibit 5: a certified English translation of the arbitration agreement in the EPC 28 Contract.

12.     The Award that is the subject of this Petition resolves disputes that arose between Petitioner Commisa and Respondent PEP in connection with the EPC 28 Contract, which was effective as of August 26, 1998. Commisa agreed in the EPC 28 Contract to perform certain engineering, procurement and construction services for PEP and PEP agreed to pay Commisa for same. The EPC 28 Contract was part of PEP's Cantarell Field Redevelopment Project. Paparella Aff., Ex 1 ¶ 5; Ex. 2 ¶ 5; Ex. 4 ¶¶ 2 & 4.2.

13.     The EPC-28 Contract contained an arbitration agreement in Section 23.3 under which Petitioner Commisa and Respondent PEP agreed to resolve any

controversy, claim, difference or disagreement by arbitration in accordance with the ICC's Rules of Arbitration. Paparella Aff., Ex. 4 ¶ 23.3; Ex. 5.

14. Certain disputes under the EPC-28 Contract arose between Petitioner Commisa and Respondent PEP. Pursuant to EPC-28 Contract ¶ 23.3, Commisa filed a request for arbitration of these disputes with the ICC on February 11, 2005. PEP filed a response and counter-claim on May 3, 2005. Paparella Aff., Ex. 1 ¶¶ 12-13; Ex. 2 ¶¶ 12-13.

15. A three-member arbitral tribunal (the "Arbitral Tribunal") was duly constituted. The parties submitted written submissions as provided in the ICC Rules of Arbitration and the Arbitral Tribunal issued various procedural orders. The Arbitral Tribunal held hearings on June 5-8, 2006. Thereafter, the parties submitted certain further written submissions as directed by the Arbitral Tribunal. Paparella Aff., Ex. 1 ¶¶ 15-20, 29-43 & 45-48; Ex. 2 ¶¶ 15-20, 29-43 & 45-48.

16. The Arbitral Tribunal issued the final written Award that is the subject of this proceeding as of January 15, 2008 (the "Award"). The arbitrator appointed by Respondent PEP submitted a separate opinion purporting to dissent from certain parts of the majority Award. Paparella Aff. Ex. 1 at 183; Ex. 2 at 182; Ex. 3.

17. Article 25(1) of the ICC Rules of Arbitration provides that "When the Arbitral Tribunal is composed of more than one arbitrator, an Award is given by a majority decision."

18. Petitioner Commisa seeks confirmation of the Award by the majority of the Arbitral Tribunal. The purported dissenting opinion does not form part of the Award and Commisa does not seek confirmation of it. Commisa submits the

6

purported dissenting opinion of PEP's appointed arbitrator for information purposes only. The purported dissenting opinion lacks any support in the facts or law.

19. The Award requires PEP to pay Commisa the following amounts: (1) the principal amount of $71,074,724.40, (2) accrued interest thereon from September 27, 2002 to March 31, 2008 in the amount of $52,299,704.31; (3) Mexican value added tax ("VAT") thereon of $18,506,164.31; (4) accrued interest thereon from March 31, 2008 to the date of payment at the annual rate of 9% accruing in the amount of $30,194.63 per day; (5) arbitration costs of $200,000; and (6) Mexican VAT thereon of $30,000. The EPC-28 Contract, the Award and Mexican law require PEP to pay Commisa interest until the date of payment and hence Commisa is entitled to post-judgment interest on the foregoing amounts at the annual rate of 9% accruing in the amount of $30,194.63 per day for each day after the date of entry of judgment to the date of payment. Paparella Aff. Ex. 1 at 182-83; Ex. 2 at 181-82. (Annexed as Exhibit A to this Petition is a more detailed summary of the amounts awarded by the Arbitral Tribunal.)

20. The Award represents a complete and final determination of all claims submitted by the parties to the Arbitral Tribunal. Less than three years has expired since the date of delivery of the Award by the Panel to the parties, and the Award has not been vacated or modified since issued. 9 U.S.C. §§ 207 & 302. PEP has not made any payment to Commisa to date.

WHEREFORE, Petitioner Commisa respectfully requests that the Court enter an order and judgment, pursuant to 9 U.S.C. §§ 207, 302, and 304: (i) confirming, recognizing and enforcing the Award; (ii) directing the entry of judgment in favor of

Commisa against PEP in the following amounts (1) the principal amount of $71,074,724.40, (2) accrued interest thereon from September 27, 2002 to March 31, 2008 in the amount of $52,299,704.31; (3) Mexican VAT thereon of $18,506,164.31; (4) accrued interest thereon from March 31, 2008 to the date of this Order and Judgment in the amount of $30,194.63 per day; (5) arbitration costs of $200,000; (6) Mexican VAT thereon of $30,000; (7) post-judgment interest on the foregoing amounts at the annual rate of 9% accruing in the amount of $30,194.63 per day for each day after the date of entry of judgment to the date of payment; (8) Commisa's costs of suit in this proceeding in the amount as taxed by the Clerk; and (9) such other and further relief as the Court deems just and proper.

Washington, D.C.
March 19, 2008

HUGHES HUBBARD & REED LLP

By: /s/ Robert M. Kennedy, Jr.
Robert M. Kennedy, Jr.
D.C. Bar No. 459966
1775 I Street, N.W.
Washington, D.C. 20006-2401
(202) 721-4600

Attorneys for Petitioner

Of Counsel:

Christopher M. Paparella
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 19, 2008, a true and correct of the attached **PETITION TO CONFIRM FOREIGN ARBITRAL AWARD** was served via registered mail, postage pre-paid, upon the parties listed below:

| | |
|---|---|
| Pemex – Exploracion y Produccion<br>Gerencia de Recursos Materiales<br>Boulevard Adolfo Ruiz Cortines No. 1202<br>Edificio Piramide, Piso 4<br>Fracc, Oropeza<br>Villahermosa, Tabasco<br>United Mexican States<br>Attn: Ing. Guillermo Iturbide Ruiz | Pemex-Exploración y Producción<br>Gerencia de Contratos<br>Torre Empresarial<br>Paseo Tabasco # 1203<br>Col. Col. Linda Vista<br>Villahermosa, Tabasco c.p. 86050<br>United Mexican States<br>Attn: Ing. Victor Manuel Bahena Bustos |

_____
Robert M. Kennedy, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CORPORACIÓN MEXICANA ) <br> DE MANTENIMIENTO INTEGRAL, ) <br> S. DE R.L. DE C.V., ) <br> Homero 534 Piso 7 ) <br> Colonia Chapultepec Morales ) <br> México, D.F. C.P. 11570, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> PEMEX EXPLORACIÓN ) <br> Y PRODUCCIÓN, ) <br> ) <br> Respondent. ) <br> _____ ) | CASE NUMBER: _____ |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PETITION TO CONFIRM FOREIGN ARBITRAL AWARD**

Petitioner Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. ("Commisa"), submits this memorandum of points and authorities in support of its petition to confirm, recognize and enforce a foreign arbitral award pursuant to 9 U.S.C. §§207, 302 and 304.

**PRELIMINARY STATEMENT**

This is an action to confirm the final arbitral award (the "Award") entered by the arbitrators in the arbitration between Petitioner Commisa and Respondent PEMEX Exploración y Producción ("PEP") captioned *Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V. vs. Pemex-Exploracion y Produccion*, ICC, Case No. 13716/CCO/JRF (the "Arbitration"). Though PEP is a foreign state within the meaning of 28 U.S.C. § 1603(a), it is not immune from this proceeding because the Award this

60246949_1.DOC

action seeks to confirm is governed by the Inter-American Convention on International Arbitration (the "Inter-American Convention"), 14 I.L.M. 336, 1438 U.N.T.S. 245 (entered into force for the United States on September 27, 1990), which is reprinted and codified into United States federal law at 9 U.S.C. §§ 301 et seq.

## BACKGROUND

Commisa is a Mexican subsidiary of KBR, Inc., a Delaware corporation with a principal place of business in Houston, Texas. PEP is a decentralized entity of the Federal Government of the United Mexican States.

The Award arises out of a dispute over a contract under which Commisa agreed to perform certain engineering, procurement and construction services for PEP and PEP agreed to pay Commisa for same (the "EPC-28 Contract"). The EPC-28 Contract, which was effective as of August 26, 1998, was part of PEP's Cantarell Field Redevelopment Project. (*See* Affidavit of Christopher M. Paparella, sworn to March 12, 2008 ("Paparella Aff.") and submitted herewith, Ex. 1 ¶ 5; Ex. 2 ¶ 5; Ex. 4 ¶¶ 2 & 4.2.)

The EPC-28 Contract provided that Commisa and PEP agreed to resolve any controversy, claim, difference or disagreement by arbitration in accordance with the Rules of Arbitration of the International Court of Arbitration of the International Chamber of Commerce (the "ICC"). (*See* Paparella Aff., Ex. 4 ¶ 23.3, Ex. 5.)

Pursuant to Paragraph 23.3 of the EPC-28 Contract, Commisa filed a request for arbitration of certain disputes with PEP with the ICC on February 11, 2005. (Paparella Aff., Ex. 1 ¶ 12; Ex. 2 ¶ 12.) PEP filed a response and counter-claim on May 3, 2005. (Paparella Aff., Ex. 1 ¶ 13; Ex. 2 ¶ 13.)

A three-member arbitral tribunal (the "Arbitral Tribunal") was duly constituted in accordance with the parties' arbitration agreement. The parties submitted written submissions as provided in the ICC arbitration rules and the Arbitral Tribunal issued various procedural orders. The Arbitral Tribunal held hearings on June 5-8, 2006. Thereafter, the parties submitted certain further written submissions as directed by the Arbitral Tribunal. (Paparella Aff., Ex. 1 ¶¶ 15-20, 29-43 & 45-48; Ex. 2 ¶¶ 15-20, 29-43 & 45-48.)

The Arbitral Tribunal issued the final written Award that is the subject of this proceeding as of January 15, 2008 (the "Award"). The Award requires PEP to pay Commisa the following amounts: (1) the principal amount of $71,074,724.40, (2) accrued interest thereon from September 27, 2002 to March 31, 2008 in the amount of $52,299,704.31; (3) Mexican value added tax thereon of $18,506,164.31; (4) accrued interest thereon from March 31, 2008 to the date of payment at the annual rate of 9% accruing in the amount of $30,194.63 per day; (5) arbitration costs of $200,000; and (6) Mexican vat thereon of $30,000. The Award requires PEP to pay Commisa interest until the date of payment and hence Commisa is entitled to post-judgment interest on the foregoing amounts at the annual rate of 9% accruing in the amount of $30,194.63 per day for each day after the date of entry of judgment to the date of payment. (Paparella Aff. Ex. 1 at 182-83; Ex. 2 at 181-82; Pet. Ex. A.)

The arbitrator appointed by Respondent PEP submitted a purported separate opinion dissenting from certain parts of the majority Award. (Paparella Aff. Ex. 1 at 183; Ex. 2 at 182; Ex. 3.) This purported dissent has no legal significance and does not form part of the Award. Under Article 25(1) of the ICC Rules of Arbitration,

"[w]hen the Arbitral Tribunal is composed of more than one arbitrator, an Award is given by a majority decision." The dissent, in any event, has no support in the law or the facts.

## ARGUMENT

Commisa is entitled to a judgment of this Court confirming the Award against PEP. Chapter 3 of the Federal Arbitration Act (the "FAA"), which implements the Inter-American Convention, requires that this Court recognize and enforce the Award. Moreover, PEP is not entitled to immunity from these proceedings under the Foreign Sovereign Immunities Act (the "FSIA").

### I. THE AWARD IS ENTITLED TO RECOGNITION AND ENFORCEMENT UNDER THE FAA.

The Award is governed by the Inter-American Convention, inasmuch as the parties and their corporate parents are all nationals of states party to that convention – Mexico and the United States.[1] 9 U.S.C. § 305. Chapter 3 of the FAA implements the Inter-American Convention into United States law. Section 304 of the FAA provides that where, as here, an award is made in a foreign state that is a party to the Intern-American Convention, the award "shall, on the basis of reciprocity, be recognized and enforced." *Id.*

The means by which a foreign award is converted into a domestic judgment for recognition and enforcement is set forth in Chapter 2 of the FAA, which

---

1. The Award is also governed by the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), 21 U.S.T. 2517, 330 U.N.T.S. 3 (entered into force for the United States on December 29, 1970) (also republished as a note following 9 U.S.C. § 201), because the United States and Mexico are also parties to the New York Convention. Nevertheless, the Inter-American Convention applies here because, where the requirements for both conventions are met, the Inter-American Convention governs cases where, as here, a majority of the parties are nationals of signatories to that treaty. 9 U.S.C. § 305.

applies to the New York Convention and is incorporated by reference into Chapter 3. 9 U.S.C. §§ 302, 202 & 207. Section 207 provides that:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. <u>The court shall confirm the award unless it finds one of the grounds for refusal or deferral or recognition and enforcement of the award specified in the said Convention.</u>

9 U.S.C. § 207 (emphasis added).

The Award "fall[s] under the Convention" because it arises out of a commercial relationship between Commisa – a Mexican corporation owned by a United States corporation – and PEP – a Mexican entity, and the underlying arbitration took place in Mexico. 9 U.S.C. § 202 ("An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the Convention.") The Award represents a complete and final determination of all claims submitted by the parties to the Arbitral Tribunal. Less than three years has expired since the date of delivery of the Award by the Panel to the parties, and the Award has not been vacated or modified and is not otherwise subject to any of the defenses against enforcement listed in Article 5 of the Inter-American Convention.

Article 5 of the Inter-American Convention specifies a number of exclusive, discretionary grounds on which a court asked to enforce a foreign arbitral award may refuse to do so. 14 I.L.M. 336, 337; *see also* 9 U.S.C. § 301. None of these grounds applies here.

Accordingly, the Award is entitled to confirmation under the FAA.

## II.     PEP IS NOT ENTITLED TO IMMUNITY FROM THESE PROCEEDINGS.

PEP is a foreign state within the meaning of the Foreign Sovereign Immunities Act (the "FSIA"). 28 U.S.C. §1603(a) ("A 'foreign state' . . . includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state . . . ."). PEP is not, however, entitled to immunity under the FSIA with respect to the relief sought in this proceeding because, among other things, 28 U.S.C. § 1605(a)(6) provides that a foreign state is not immune from a proceeding that is brought "to confirm an award made pursuant to such an agreement to arbitrate, if . . . (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards . . . ." 28 U.S.C. § 1605(a)(6).

As shown above, the Award that is the subject of this proceeding is governed by the Inter-American Convention, as well the New York Convention – both treaties "in force for the United States calling for the recognition and enforcement of arbitral awards." *Id.* The FSIA thus provides a specific exception to PEP's sovereign immunity for precisely this type of proceeding.

## CONCLUSION

For all the foregoing reasons, Petitioner Commisa respectfully submits that this Court should grant its Petition to Confirm Foreign Arbitral Award.

Washington, D.C.
March 19, 2008

HUGHES HUBBARD & REED LLP

By: _____
Robert M. Kennedy, Jr.
D.C. Bar No. 459966
1775 I Street, N.W.
Washington, D.C. 20006-2401
(202) 721-4600

Attorneys for Petitioner

Of Counsel:

Christopher M. Paparella
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 19, 2008, a true and correct of the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION TO CONFIRM FOREIGN ARBITRAL AWARD** was served via registered mail, postage pre-paid, upon the parties listed below:

| | |
|---|---|
| Pemex – Exploracion y Produccion<br>Gerencia de Recursos Materiales<br>Boulevard Adolfo Ruiz Cortines No. 1202<br>Edificio Piramide, Piso 4<br>Fracc, Oropeza<br>Villahermosa, Tabasco<br>United Mexican States<br>Attn: Ing. Guillermo Iturbide Ruiz | Pemex-Exploración y Producción<br>Gerencia de Contratos<br>Torre Empresarial<br>Paseo Tabasco # 1203<br>Col. Col. Linda Vista<br>Villahermosa, Tabasco c.p. 86050<br>United Mexican States<br>Attn: Ing. Victor Manuel Bahena Bustos |

Robert M. Kennedy, Jr.

W6-60247219_1.DOC