# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of the Arbitration Between )<br><br>CORPORACIÓN MEXICANA )<br>DE MANTENIMIENTO INTEGRAL, )<br>S. DE R.L. DE C.V., )<br>a Mexican corporation, )<br>  )<br>  )<br>Petitioner, )<br>  )<br>v. )<br>  )<br>PEMEX EXPLORACIÓN Y PRODUCCIÓN, )<br>Gerencia Jurídica de Exploración y Producción )<br>Marina Nacional 329 Edificio A, Octavo Piso )<br>Colonia Huasteca, Delegación Miguel Delgado )<br>Mexico City, Federal District )<br>Mexico C.P. 11311, )<br>  )<br>Respondent. )<br>  ) | Case No. 08-CV-00469-RWR |

### PEMEX EXPLORACIÓN Y PRODUCCIÓN'S
### NOTICE OF FILING PETITIONER'S MEXICAN REQUEST
### FOR INTERIM MEASURES AND MEXICAN COURT ORDER

Respondent, Pemex Exploración y Producción ("PEP"), hereby provides notice that on

July 2, 2008, Petitioner Corporación Mexicana de Mantenimiento Integral, S. de R.L. de C.V.

("COMMISA"), filed a Petition for Interim Measures (the "Interim Measures Petition") before

the Eighth Judicial District on Civil Matters, in Mexico City, Mexico (the "Eighth Judicial

District Court").[1]  A true and correct copy of COMMISA's Interim Measures Petition, dated July

---

[1]    PEP is filing the attached Mexican filings to keep the Court informed of the current developments in the Mexican courts given COMMISA's failure to bring its recent Mexican filings to the Court's attention.

2, 2008, in Spanish with a certified English translation, is attached hereto as **Exhibit A**.

In its Interim Measures Petition, COMMISA requests the Eighth Judicial District Court to issue an interim measure in order to stay PEP's Request to Nullify the non-confirmed, non-unanimous arbitral decision issued in Mexico (the "Arbitral Decision") currently pending before the Eighth Judicial District Court, until the conclusion of COMMISA's request for joinder of all pending Mexican filings pertaining to the Arbitral Decision – a request that COMMISA recently made in a *second* Mexican enforcement petition filed before the Sixth Judicial District on Civil Matters, in Mexico City, Mexico, under case number 227/2008-II (the "Second Mexican Enforcement Petition"). *See generally, id.*

Before filing COMMISA's Second Mexican Enforcement Petition, on May 30, 2008, COMMISA commenced its *first* Mexican enforcement proceeding of the Arbitral Decision (the "First Mexican Enforcement Petition"). The First Mexican Enforcement Petition was filed by COMMISA before another Mexican court, that is, the Ninth Judicial District on Civil Matters in Mexico City, Mexico, under case number 192/2008. *See* Declaration of Miguel Angel Hernández-Romo, dated June 18, 2008, at ¶ 26, attached as Exhibit A to PEP's Reply to COMMISA's Opposition to PEP's Motion to Dismiss Petition to Confirm Foreign Arbitral Award (D.E. 12). Although it appears that the First Mexican Enforcement Petition is no longer pending, to date, COMMISA has filed *two* enforcement actions in Mexico.

On July 3, 2008, the Eighth Judicial District Court in Mexico denied COMMISA's Interim Measures Petition. A true and correct copy of the Eight Judicial District Court's Order dated July 3, 2008 (the "Eighth Judicial District Court Order"), in Spanish with a certified English translation, is attached hereto as **Exhibit B**.

2

Dated:  July 10, 2008

Respectfully Submitted:

s/ Daniel E. González

Robert B. Duncan (D.C. Bar No. 416283)
René E. Browne (D.C. Bar No. 463989)
HOGAN & HARTSON L.L.P.
Columbia Square
555 Thirteenth Street, NW
Washington, D.C. 20004-1109
Tel. (202) 637-5600
Fax. (202) 637-5910
E-mail: rbduncan@hhlaw.com
E-mail: rbrowne@hhlaw.com
*Attorneys for Respondent*
*Pemex Exploración y Producción*

Daniel E. González (D.C. Bar No. 503371)
Richard C. Lorenzo (Florida Bar No. 071412)
(admitted *pro hac vice*)
Maria Eugenia Ramirez (Florida Bar No. 349320)
(admitted *pro hac vice*)
HOGAN & HARTSON L.L.P.
1111 Brickell Avenue, Suite 1900
Miami, Florida 33131
Tel. (305) 459-6500
Fax. (305) 459-6550
Email: degonzalez@hhlaw.com
Email: rlorenzo@hhlaw.com
Email: meramirez@hhlaw.com
*Attorneys for Respondent*
*Pemex Exploración y Producción*

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>s/ Daniel E. González</u>
Daniel E. González

4

**SERVICE LIST**
**COMMISA V. PEP**
**CASE NO. 08-CV-00469**
**UNITED STATES DISTRICT COURT, DISTRICT OF COLUMBIA**

**Robert M. Kennedy, Jr.**
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
kennedyr@hugheshubbard.com
Attorney for Petitioner

Via Transmission of Notices of Electronic Filing
Generated by CM/ECF

**Christopher M. Paparella**
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Tel (212) 837-6644
Fax (212) 422-4726
paparella@hugheshubbard.com
Attorney for Petitioner

Via First Class Mail, postage pre-paid

HOGAN & HARTSON L.L.P., 1111 BRICKELL AVENUE, SUITE 1900 • MIAMI, FL 33131 • TEL. (305) 459-6500 • FAX (305) 459-6550

# EXHIBIT A

ORIGINAL
(6)                    40

PEMEX EXPLORACIÓN Y PRODUCCIÓN
VS.
CORPORACIÓN      MEXICANA      DE
MANTENIMIENTO INTEGRAL, S. DE R.L. DE
C.V.

con un anexo

**Expediente: 158/2008-II**

009727          <u>Asunto:</u> se solicita medida cautelar.

C. JUEZ OCTAVO DE DISTRITO EN MATERIA
CIVIL EN EL DISTRITO FEDERAL.

MARCO TULIO VENEGAS CRUZ, apoderado legal de CORPORACIÓN
MEXICANA DE MANTENIMIENTO INTEGRAL, S. DE R.L. DE C/V. (en adelante
referida como "COMMISA"), calidad que tengo debidamente reconocida en los
presentes autos, ante Usted Juez comparezco y expongo

1.- Que por medio del presente escrito vengo a hacer del conocimiento de
su Señoría que mediante escrito de fecha veinticinco de junio de dos mil ocho,
COMMISA promovió diverso procedimiento de reconocimiento y ejecución del
laudo arbitral de fecha quince de enero de dos mil ocho, objeto del presente
incidente de nulidad, precisamente en contra de PEMEX EXPLORACIÓN Y
PRODUCCIÓN (en lo subsecuente, referida como "PEP"), que es la actora en el
procedimiento de nulidad que se tramita ante Usted.

Dentro de la promoción del reconocimiento y ejecución del laudo en comento,
COMMISA promovió de conformidad con las reglas del Código de Comercio, un
incidente de acumulación de autos solicitando al Juez que conociera de aquella
demanda, que ordenara la acumulación de los autos que aquél abriera con motivo
de la solicitud de reconocimiento y ejecución de laudo arbitral, a aquellos que su
Señoría actualmente tiene abiertos en el expediente 158/2008-II relativos al
procedimiento de nulidad promovido por PEP.

2.- La demanda de reconocimiento y ejecución del laudo de fecha quince de
enero de dos mil ocho, fue turnada al Juez Sexto de Distrito en Materia Civil en el
Distrito Federal y éste determinó admitirla dentro del expediente 227/2008-II
mediante auto de fecha <u>veintisiete de junio de dos mil ocho</u>, mismo que se
acompaña al presente como ANEXO ÚNICO.

En el mismo auto de fecha <u>veintisiete de junio de dos mil ocho</u>, el Juez Sexto de
Distrito en Materia Civil en el Distrito Federal, dio trámite al incidente de
acumulación promovido por COMMISA, en los siguientes términos:

2



*H*

"MÉXICO, DISTRITO FEDERAL, A VEINTISIETE DE JUNIO DE DOS MIL OCHO.

Por otra parte se tiene al ocursante promoviendo incidente de acumulación del presente incidente al expediente 158/2008-II, del índice del Juzgado Octavo de Distrito en Materia Civil en el Distrito Federal, promovido por **PEMEX EXPLORACIÓN Y PRODUCCIÓN**, en contra de **CORPORACIÓN MEXICANA DE MANTENIMIENTO INTEGRAL, SOCIEDAD DE RESPONSABILIDAD LIMITADA DE CAPITAL VARIABLE**, el cual con apoyo en lo dispuesto por los artículos 1359, 1360 y 1361 del Código de Comercio se admite a trámite y se ordena dar vista y correr traslado al referido órgano de la citada paraestatal dentro del término de tres días, manifieste lo que a su derecho convenga

..."

3.- En atención a que el Juez Sexto de Distrito en Materia Civil en el Distrito Federal ha dado debido trámite al incidente de acumulación de autos que eventualmente podría concluir en una resolución que ordene remitir los autos abiertos por aquél –*en el expediente 227/2008-II–*, a los autos del presente expediente 158/2008-II, resulta pertinente tomar en cuenta las reglas previstas en el Código de Comercio para la tramitación de dicho *incidente de acumulación*:

"**CAPITULO XXIX**
De la Acumulación de Autos

**Artículo 1359.-** La acumulación de autos solo podrá decretarse a instancia de parte legítima, salvo los casos en que, conforme a la ley, deba hacerse de oficio.

**Artículo 1360.-** La acumulación <u>puede pedirse en cualquier estado del juicio, antes de pronunciarse sentencia</u>, salvo que se trate de excepciones procesales que deban hacerse valer al contestar la demanda, o que tratándose del actor bajo protesta de decir verdad manifieste no conocer, al solicitar la acumulación, no haber conocido antes de la presentación de su demanda, de la causa de la acumulación.

**Artículo 1361.-** La acumulación deberá tramitarse <u>en forma de incidente</u>."

(Énfasis añadido)

Según podrá apreciar con toda claridad su Señoría, es requisito esencial para que pueda pedirse la acumulación de autos, que no se haya pronunciado sentencia en aquél expediente respecto del cual se solicita la acumulación. En nuestro caso, el expediente hacia el que se ha solicitado la acumulación tramitada ante el Juez Sexto de Distrito en Materia Civil en el Distrito Federal, es precisamente el expediente número 158/2008-II tramitado ante Usted.

Resulta pertinente enfatizar en el hecho de que el Juez Sexto de Distrito en Materia Civil en el Distrito Federal dio trámite al incidente de acumulación que promovió **COMMISA** dentro del diverso procedimiento de reconocimiento y ejecución de laudo que inició, toda vez que en los presentes autos del expediente número 158/2008-II, **no se ha pronunciado sentencia**.

4.- Conforme a lo expuesto anteriormente, según lo dispuesto por los artículos antes citados del Código de Comercio, cualquier solicitud de acumulación

3

de autos, resultará definitivamente improcedente en caso de que se haya pronunciado sentencia en el expediente respecto del cual se esté solicitando la acumulación.

En este contexto y siendo que mediante auto de fecha trece de junio de dos mil ocho, publicado en listas el día dieciséis del mismo mes y año, su Señoría ordenó pasar los autos del expediente 158/2008-II --materia de la solicitud de acumulación solicitada por COMMISA al Juez Sexto de Distrito referido-- para dictar la resolución que en derecho corresponda, existe una posibilidad real e inminente de que se genere un agravio irreparable en contra de mi representada con la posibilidad de que efectivamente su Señoría dicte la resolución que anunció en el auto de trece de junio del presente año.

5.- Así las cosas, ante la posibilidad inminente de que su Señoría dicte la resolución que en derecho corresponda en el presente expediente 158/2008-II – objeto de la acumulación solicitada ante el multicitado Juez Sexto de Distrito respecto a los autos del expediente 227/2008-II-- y ante la supletoriedad del Código de Comercio según lo previsto por su artículo 1054, que hace aplicable el Código Federal de Procedimientos Civiles, en este acto vengo a promover las siguientes:

## MEDIDAS CAUTELARES

Por virtud del presente escrito, ante la posibilidad inminente y real de que su Señoría pronuncie sentencia en este expediente 158/2008-II, toda vez que ordenó pasar los autos para dictar la resolución que en derecho correspondiera mediante auto de fecha trece de junio de dos mil ocho dentro del presente procedimiento de nulidad de laudo promovido por PEP en contra de COMMISA, esta última se ve en la necesidad de solicitar con fundamento en lo dispuesto por el artículo 384 del Código de Comercio la siguiente medida cautelar:

Que su Señoría ordene **suspender el presente procedimiento de nulidad de laudo arbitral** para efectos de **no pronunciar sentencia**, hasta en tanto el Juez Sexto de Distrito en Materia Civil en el Distrito Federal dicte la resolución que corresponda dentro del incidente de acumulación de autos a que este último dio trámite dentro del expediente 227/2008-II relativo al procedimiento de reconocimiento y ejecución del laudo arbitral y cuyo objeto es precisamente ordenar la

4

(9)

acumulación de dicho expediente 227/2008-II al presente expediente 158/2008-II.

1.- El Código de Comercio es la ley procesal que debe regir la tramitación de cualquier incidente de nulidad de laudo arbitral como el presente, esto se desprende del hecho de que la materia a la que corresponde es precisamente al comercio. En estos términos, el laudo objeto del procedimiento, devino de un arbitraje *comercial*.

Efectivamente, es el propio Código de Comercio, el ordenamiento que regula dentro de su Libro Quinto, Titulo Cuarto la forma en que puede iniciarse un arbitraje comercial, así como inclusive promoverse la anulación o ejecución del laudo arbitral que en su momento se dicte en cualquier procedimiento arbitral. En este sentido, los artículos 1460 y 1463 del Código de Comercio —*que prevén la vía para anular o ejecutar un laudo de arbitraje comercial*--, de forma excepcional, remiten al artículo 360 del Código Federal de Procedimientos Civiles para que conforme a lo previsto en esta última disposición, se tramite cualquier procedimiento de nulidad o de reconocimiento y ejecución de laudo arbitral.

En definitiva, cualquier procedimiento de nulidad --*como el presente*-- o de reconocimiento y ejecución de laudo arbitral, debe tramitarse en términos del artículo 360 del Código Federal de Procedimientos Civiles pero este artículo sólo es aplicable por la remisión que hacia él hizo el Código de Comercio. En este sentido, el procedimiento --*de nulidad o reconocimiento y ejecución*-- deberá tramitarse en términos generales, conforme a lo dispuesto por el Código de Comercio y aplicará sólo por la referida remisión --*o en su caso por la supletoriedad*--, el Código Federal de Procedimientos Civiles.

2.- Según quedó evidenciado, el Código de Comercio es el ordenamiento que rige el presente procedimiento. En estos términos, el artículo 1054 del Código de Comercio hace aplicable en forma supletoria a este último, el Código Federal de Procedimientos Civiles, según se puede apreciar de la siguiente cita:

> "Artículo 1054. En caso de no existir convenio de las partes sobre el procedimiento ante tribunales en los términos de los anteriores artículos, salvo que las leyes mercantiles establezcan un procedimiento especial o una supletoriedad expresa, los juicios mercantiles se regirán por las disposiciones de este Libro y en su defecto se aplicará el Código Federal de Procedimientos Civiles."

(Énfasis añadido)

La forma en la que opera la supletoriedad en comento, debe entenderse procedente para aquellos casos en los que concurran las siguientes circunstancias:

5

i.   Que la institución contemplada en el procedimiento, carezca de preceptos suficientes para su total regulación, o bien, que dicha reglamentación tenga lagunas jurídicas.

ii.  Que la ley procesal común reglamente la misma institución que se presenta en el procedimiento mercantil, respecto de la cual existen lagunas.

iii. Que el Código de Comercio, de manera expresa determine la aplicación de otras leyes en caso de ser necesaria la supencia.[1]

La aplicabilidad y procedencia de la supletoriedad del Código Federal de Procedimientos Civiles se surte en el presente caso respecto del Código de Comercio, para permitir la aplicación del artículo del 384 del Código Federal de Procedimientos Civiles por las siguientes razones:

i.   Dentro del género medida cautelar –entendido como la vía para mantener una situación de hecho--, analizando las disposiciones del Código de Comercio que permiten conservar una situación de hecho, podemos verificar que ni mediante los medios preparatorios del juicio, previstos en el Capítulo X, ni mediante las providencias precautorias, previstas en el Capítulo XI, ambos del Título Primero, del Libro Quinto, del Código de Comercio, existe la posibilidad de solicitar en cualquier momento del juicio, que se decrete toda medida necesaria para mantener una situación de hecho existente.;

ii.  Por su parte, el artículo 384 del Código Federal de Procedimientos Civiles cubre esa carencia, al reglamentar la misma institución, que es la genérica de **medidas cautelares** y aporta al Código de Comercio, una vía adicional, para promover una medida cautelar que permita mantener cualquier situación de hecho;

iii. Finalmente, el Código de Comercio expresamente establece la supletoriedad que haga aplicable el Código Federal de Procedimientos Civiles.

Aunado a lo anterior, la supletoriedad del Código de Comercio, se verifica en los siguientes criterios jurisprudenciales obligatorios:

---

"No. Registro: 170,787

[1] Los tres criterios referidos se encuentran en el considerando Sexto de la ejecutoria cuyos datos de registro y tema, son los siguientes: Registro No. 20951, Localización: Novena Época, Instancia: Tribunales Colegiados de Circuito, Fuente: Semanario Judicial de la Federación y su Gaceta, Tomo: XXVII, Mayo de 2008, Página: 1068; Tema: OBLIGACIONES MERCANTILES. LAS ACCIONES DERIVADAS DE ELLAS QUE NO TENGAN TÉRMINO PREFIJADO POR LAS PARTES O POR LAS DISPOSICIONES DEL CÓDIGO DE COMERCIO PODRÁN EJERCITARSE EN LOS PLAZOS QUE ÉSTE ESTABLECE SIN QUE PREVIAMENTE A LA PRESENTACIÓN DE LA DEMANDA SE HAYA REQUERIDO AL DEUDOR SU CUMPLIMIENTO.

6

Jurisprudencia
Materia(s): Civil
Novena Época
Instancia: Primera Sala
Fuente: Semanario Judicial de la Federación y su Gaceta
XXVI, Diciembre de 2007
Tesis: 1a./J. 152/2007
Página: 79

DEPOSITARIOS JUDICIALES E INTERVENTORES CON CARGO A LA CAJA
EN JUICIOS EJECUTIVOS MERCANTILES. PARA RESOLVER SOBRE EL
OTORGAMIENTO DE LA CAUCIÓN PARA GARANTIZAR SU CARGO
PROCEDE APLICAR SUPLETORIAMENTE LA LEGISLACIÓN PROCESAL
CIVIL CORRESPONDIENTE.

La supletoriedad de normas en materia mercantil sólo procede respecto
de aquellas instituciones establecidas en el Código de Comercio cuya
regulación sea nula o insuficiente; de ahí que si en sus artículos 1392 a 1395
se prevé la institución procesal del embargo de bienes, pero no se regulan los
derechos y deberes de los depositarios de éstos, es aplicable supletoriamente
la legislación procesal civil, local o federal, dependiendo de la fecha de inicio del
proceso mercantil respectivo, a fin de resolver sobre el otorgamiento de la
caución para garantizar el depósito de los bienes embargados en el juicio
ejecutivo mercantil. Ello se confirma con lo estatuido en el artículo 1392 de
dicha legislación mercantil, en el sentido de que los bienes embargados deben
ponerse bajo la responsabilidad del acreedor, en depósito de persona
nombrada por éste, y al tenor del artículo 1414 del citado Código, el cual señala
que cualquier incidente o cuestión que se suscite en los juicios ejecutivos
mercantiles debe resolverse por el juez con apoyo en las disposiciones
respectivas del Título Tercero del propio ordenamiento legal, y en su defecto en
lo relativo a los incidentes en los juicios ordinarios mercantiles, y a falta de
ambas, a lo establecido en el Código de Procedimientos Civiles respectivo, en
aras de procurar la mayor equidad entre las partes; por lo que si lo estima
conducente o lo solicita justificadamente el embargado, el juez puede decretar
la caución para que el depositario o interventor -que no sea el demandado-
designado por el actor responda del secuestro con fundamento en las
disposiciones legales aplicables de la legislación procesal civil correspondiente.

Contradicción de tesis 140/2006-PS. Entre las sustentadas por el Tercer
Tribunal Colegiado en Materia Civil del Primer Circuito, el Primer Tribunal
Colegiado en Materias Civil y de Trabajo del Quinto Circuito (anteriormente
Segundo Tribunal Colegiado del mismo circuito) y el Séptimo Tribunal
Colegiado en Materia Civil del Primer Circuito. 3 de octubre de 2007. Cinco
votos. Ponente: Juan N. Silva Meza. Secretario: Manuel González Díaz.

Tesis de jurisprudencia 152/2007. Aprobada por la Primera Sala de este Alto
Tribunal, en sesión de fecha diez de octubre de dos mil siete.

No. Registro. 199,221
Jurisprudencia
Materia(s): Civil
Novena Época
Instancia: Primera Sala
Fuente: Semanario Judicial de la Federación y su Gaceta
V, Marzo de 1997
Tesis: 1a./J. 8/97
Página: 290

MEDIDAS DE APREMIO, PARA SU APLICACIÓN EN UN JUICIO
MERCANTIL, DEBE ACUDIRSE SUPLETORIAMENTE A LA LEGISLACIÓN
COMÚN.

La técnica procesal en la materia mercantil, de conformidad con el artículo 1054
del Código de Comercio, permite la aplicación de normas de los Códigos de
Procedimientos Civiles de cada Estado, cuando en el citado Código de
Comercio, no existan preceptos procedimentales expresos sobre determinado
cuestionamiento jurídico, generalmente cuando dicho punto esté comprendido
en el ordenamiento mercantil, pero no se encuentre debidamente regulado o
esté previsto deficientemente, todo ello desde luego, siempre y cuando esa
aplicación supletoria no se contraponga con el Código de Comercio. Siguiendo
esta regla genérica, aparentemente no cabría la aplicación supletoria en
tratándose de medios de apremio, puesto que no existe tal institución en el
invocado ordenamiento, mucho menos la forma de impugnarlos; sin embargo,
como todo juzgador dentro del procedimiento tiene la facultad para emplear
medidas de apremio para hacer cumplir sus determinaciones, ello implica que la

7        14

supletoriedad opera aun cuando tal institución no se encuentre prevista en el ordenamiento mercantil, siempre que sea indispensable aclarar conceptos ambiguos, oscuros, contradictorios o subsanar alguna omisión; además, por la razón obvia de que, de no establecerse esa supletoriedad de manera íntegra, incluyendo la sustanciación de su impugnación, el juzgador que conozca de las contiendas de carácter mercantil estará imposibilitado para hacer uso de medidas legales tendientes a la obtención de la celeridad en la impartición de justicia, aunado a que el carácter supletorio de la ley, como en la especie, resulta como consecuencia de una integración y reenvío de una ley especializada a otros textos legislativos generales que fijan los principios aplicables a la regulación de la ley suplida.

Contradicción de tesis 14/96. Entre las sustentadas por el Segundo y Tercer Tribunales Colegiados, ambos del Sexto Circuito. 8 de enero de 1997. Unanimidad de cuatro votos. Ausente: Olga Sánchez Cordero de García Villegas, previo aviso a la Presidencia. Ponente: Juan N. Silva Meza. Secretario: Jorge H. Benítez Pimienta.

Tesis de jurisprudencia 8/97. Aprobada por la Primera Sala de este alto tribunal, en sesión de cinco de marzo de mil novecientos noventa y siete, por unanimidad de cuatro votos de los Ministros presidente Juventino V. Castro y Castro, Humberto Román Palacios, Juan N. Silva Meza y Olga Sánchez Cordero de García Villegas. Ausente: José de Jesús Gudiño Pelayn, previo aviso a la Presidencia."

(Énfasis añadido)

Conforme a lo anterior, tenemos que en el caso que nos ocupa, el Artículo 384 del Código Federal de Procedimientos Civiles resulta aplicable supletoriamente al Código de Comercio, pues éste establece la posibilidad de solicitar durante el transcurso del juicio, la imposición de todas las medidas que resulten necesarias para mantener una situación de hecho existente. Esto se desprende con toda claridad del texto del precepto 384 en comento, mismo que por ser el fundamento de las presentes medidas cautelares, a continuación se cita

"Artículo 384.- Antes de iniciarse el juicio, o durante su desarrollo, pueden decretarse todas las medidas necesarias para mantener la situación de hecho existente. Estas medidas se decretarán sin audiencia de la contraparte, y no admitirán recurso alguno. La resolución que niegue la medida es apelable."

3.- En el caso que nos ocupa y según se ha expuesto en el presente escrito, tenemos como situación de hecho el que aún no se haya pronunciado sentencia en el presente incidente de nulidad del laudo de fecha quince de enero de dos mil ocho promovido por PEP en contra de COMMISA.

En efecto, es precisamente esta situación de hecho la que permite que COMMISA haya promovido ante el Juez Sexto de Distrito en Materia Civil en el Distrito Federal, dentro del procedimiento de reconocimiento y ejecución de laudo arbitral, un incidente de acumulación de autos, solicitando a aquél Juez, que ordene acumular aquellos autos, con los que se tramitan en este expediente 158/2008-II.

4.- Por otro lado, resulta necesario que se su Señoría decrete la medida cautelar solicitada por COMMISA para conservar la situación de hecho referida en el punto 3 anterior. Efectivamente, resulta necesaria esta medida cautelar por ser la única forma en la que pueda conservarse la referida situación de hecho, que es

8    ¡ /3)    HT

que Usted Juez, aún no haya pronunciado sentencia en el presente incidente de nulidad.

La calidad de necesaria, de esta medida se verifica conforme a la definición del término *necesaria* que se encuentra en el Diccionario de la Lengua Española de la Real Academia Española, que indica: *"necesario, ria. (Del latín necessarius)... A. Adj. Que es menester, o hace falta para un fin."*[2] Así, esta medida cautelar debe entenderse como *necesaria* para mantener la referida situación de hecho, por dos motivos:

   i.   El primero de ellos consiste en el hecho de que su Señoria es el Juez competente para conocer tanto del procedimiento de reconocimiento y ejecución de laudo arbitral que actualmente se trámita en el expediente 227/2008-II ante el Juez Sexto de Distrito en el Distrito Federal, como del presente incidente de nulidad seguido bajo el expediente 158/2008-II.

Ante la existencia simultánea de estos dos procedimientos, se actualiza la figura de la litispendencia toda vez que en ambos se presenta la identidad de partes, acciones y cosas reclamadas. En este sentido quien debe conocer de ambos procedimientos, una vez que se dicte la acumulación de los procedimientos –*dentro del incidente de acumulación que conoce el Juez Sexto de Distrito ya referido*–, debe ser Usted señor Juez, por haber sido quien previno en el primer procedimiento.

Adicionalmente, la acción de reconocimiento y ejecución del laudo de quince de enero de dos mil ocho, que mi representada promovió ante el Juez Sexto de Distrito en Materia Civil en el Distrito Federal corresponde directamente a una acción sobre la cual deberia resolver su Señoria conforme a la lógica de una acción reconvencional, según se desprende de los artículos 1096 y 1380 del Código de Comercio, mismos que se citan a continuación.

"**Artículo 1096.-** Es juez competente para conocer de la reconvención, aquél que conoce de la demanda principal.

..."

**Artículo 1380.-**...

El juicio principal y la reconvención se discutirán al propio tiempo y se decidirán en la misma sentencia."

   ii.   El segundo motivo consiste en que sólo en virtud de que se decrete esta medida cautelar, será posible mantener la *situación de hecho*

---

[2] REAL ACADEMIA ESPAÑOLA, *Diccionario de la Lengua Española*, vigésima segunda edición consultado en la siguiente página de Internet http://buscon.rae.es/draeI/SrvltConsulta?TIPO_BUS=3&LEMA=necesaria.


consistente en que Usted aún no haya pronunciado sentencia en el presente procedimiento de nulidad de laudo, que resulta un requisito esencial para que proceda la acumulación que se está solicitando ante el Juez Sexto de Distrito en Materia Civil en el Distrito Federal, dentro del expediente 227/2008-II.

Según se expuso en el punto 3 de la parte preliminar del presente escrito, el artículo 1360 del Código de Comercio establece que puede pedirse la acumulación hasta antes de pronunciarse sentencia.

En este respecto y ante el estado procesal que guarda el presente incidente de nulidad de laudo arbitral, que es precisamente el de citación para sentencia, para evitar que se emita esa sentencia y que se actualice esa hipótesis que dañaría irreparablemente el derecho de COMMISA a que se decrete la multicitada acumulación, situación que además podría tener como consecuencia el que se *dicten sentencias contradictorias en dos procedimientos distintos en los que se promueven acciones directamente opuestas —la de nulidad y la de reconocimiento y ejecución del laudo—, entre idénticas partes —PEP y COMMISA—, respecto de un mismo objeto —el laudo de quince de enero de dos mil ocho—, resulta necesario* que su Señoría decrete la medida cautelar solicitada, consistente en mantener la *situación de hecho que actualmente existe*, **ordenando se suspenda el pronunciamiento de la sentencia que en derecho corresponda en el presente incidente de nulidad**, hasta en tanto no se resuelva el diverso incidente de acumulación que se encuentra en trámite ante el Juez Sexto de Distrito en Materia Civil en el Distrito Federal, bajo el número de expediente 227/2008-II.

Por lo anteriormente expuesto y fundado,

**A USTED, C. JUEZ, atentamente pido se sirva,**

**PRIMERO.-** Tener a **COMMISA**, acompañando la copia certificada del auto de veintisiete de junio de dos mil ocho con el que el Juez Sexto de Distrito en Materia Civil en el Distrito Federal, admitió el procedimiento de reconocimiento y ejecución de laudo arbitral, promovido por mi mandante y dio trámite al referido incidente de acumulación.

**SEGUNDO.-** Tener a **COMMISA** promoviendo la presente **medida cautelar** en términos de lo dispuesto en el artículo 384 del Código Federal de Procedimientos Civiles, de aplicación supletoria al Código de Comercio.

10    15)

49

**TERCERO.-** Decretar la **medida cautelar** solicitada en el cuerpo del presente escrito, ordenando suspender el pronunciamiento de la sentencia que corresponda en el presente incidente de nulidad, hasta en tanto el Juez Sexto de Distrito en Materia Civil en el Distrito Federal, resuelva el incidente de acumulación tramitado en el expediente 227/2008-II relativo al reconocimiento y ejecución de laudo promovido por **COMMISA** en contra de PEP.

**PROTESTO LO NECESARIO**
México, Distrito Federal a dos de julio de dos mil ocho.

MARCO TULIO VENEGAS CRUZ
En representación de
CORPORACIÓN MEXICANA DE MANTENIMIENTO
INTEGRAL, S. DE R.L. DE C.V.

# Language Innovations, LLC™

Helping businesses communicate worldwide

1725 I Street NW
Suite 300
Washington, D.C. 20006

tel    202 349-1782
fax    202 349-1782
email  bfriedman@languageinnovations.com

## TRANSLATION CERTIFICATION

This is to certify that the translation of the attached document(s), **Ref.: COMMISA's Request for Interim Measures,** was performed by a professional translator and is to the best of our knowledge and ability, a true and accurate translation of the original text delivered to Language Innovations, LLC by our client, **Hogan & Hartson, LLP**. The original document was translated from **Spanish** into **English** and at completion delivered to the client on **July 10, 2008.**

I hereby declare that all statements made herein are of my own knowledge and are true and that all statements made based on information or belief are believed to be true.

Language Innovations, LLC hereby agrees to keep the content of this translation confidential according to ethical and legal standards of the profession of Translation. Language Innovations, LLC agrees not to discuss, evaluate, distribute or reproduce any material included in or related to the translation of this document.

Date: July 10, 2008

Signature:

Brian Friedman, Director
Language Innovations, LLC

Subscribed and sworn before me this 10th day of JULY 20 08 , at Washington, DC.

JAMES M. REED
Notary Public District of Columbia   Notary Public
My Commission expires June 30, 2012
My Commission Expires June 30, 2012

/[handwritten] 6
40/

[illegible stamped text]

**PEMEX EXPLORACIÓN Y PRODUCCIÓN**
**VS.**
**CORPORACIÓN MEXICANA DE**
**MANTENIMIENTO INTEGRAL, S. DE R.L. DE**
**C.V.**

/[handwritten] with one appendix/

Case File: 158/2008-II

Subject: application for provisional remedy

009727

**EIGHTH DISTRICT CIVIL COURT JUDGE**
**OF THE FEDERAL DISTRICT.**

I, **MARCO TULIO VENEGAS CRUZ,** legal counsel for **CORPORACIÓN MEXICANA DE
MANTENIMIENTO INTEGRAL, S. DE R.L. DE C.V.** (hereinafter called **"COMMISA"**), a capacity
which has been duly accredited in the case record, respectfully appear before you and state:

**1.-** By means of this brief I wish to inform Your Honor that in a brief filed on June twenty-
fifth, two thousand eight, **COMMISA** brought a separate action for confirmation and enforcement
of the arbitration award issued on January fifteenth, two thousand eight, which is the subject of
this motion to vacate, specifically against PEMEX EXPLORACIÓN Y PRODUCCIÓN (hereinafter
called "PEP"), who is the plaintiff in the vacation proceeding being heard by this Court.

Within the action for confirmation and enforcement of said award, **COMMISA** filed a motion for
consolidation of cases in accordance with the rules of the Commercial Code, requesting that the
Judge hear said action and order the consolidation of any cases arising therefrom in connection
with the petition for confirmation and enforcement of the arbitration award, and those cases that
are currently active in this Court within case record 158/2008-II concerning the vacation
proceeding brought by PEP.

**2.-** The action for confirmation and enforcement of the award issued on January fifteenth,
two thousand eight, was forwarded to the Sixth District Civil Court Judge of the Federal District,
who ruled to allow the action to proceed within case 227/2008-II in a court order issued on June
twenty-seventh of two thousand eight, which is attached hereto as the **SOLE APPENDIX**.

In the same court order dated June twenty-seventh, two thousand eight, the Sixth District Civil
Court Judge of the Federal District granted the motion for consolidation brought by **COMMISA**, as
follows:

2

"MEXICO, FEDERAL DISTRICT. JUNE TWENTY-SEVENTH OF TWO THOUSAND EIGHT.

In addition, the petitioner is bringing a motion to consolidate this action with case 158/2008-II, on the docket of the Eighth District Civil Court in the Federal District, brought by **PEMEX EXPLORACIÓN Y PRODUCCIÓN** against **CORPORACIÓN MEXICANA DE MANTENIMIENTO INTEGRAL, A VARIABLE CAPITAL LIMITED LIABILITY COMPANY,** which, pursuant to the provisions of Articles 1359, 1360 and 1361 of the Commercial Code, is allowed to proceed and it is hereby ordered that the record be made available for inspection by the parties and notice be served so that, within a period of three days, said state-owned company may file its arguments.

**3.-** In view of the fact that the Sixth District Civil Court Judge of the Federal District has duly granted the motion for consolidation of cases, which could ultimately result in a decision ordering that the proceedings of the above-named court – *in case 227/2008-II* -- be incorporated into the proceedings of this case, 158/2008-II, it is important to note the rules set forth in the Commercial Code for the processing of said *motion for consolidation*:

**"CHAPTER XXIX**
**Consolidation of Cases**

**Article 1359.-** Consolidation of proceedings may only be ordered at the request of a party with standing, except in those cases where, pursuant to law, it must be done by operation of law.

**Article 1360.-** Consolidation **may be requested at any stage of the proceedings prior to pronouncement of judgment**, except in the case of those procedural defenses which must be asserted in the answer to the complaint, or in cases where the plaintiff declares under penalty of perjury, at the time it requests consolidation, that it was not aware of the facts giving rise to its motion to consolidate before it filed its complaint.

**Article 1361.-** The consolidation must be filed and processed <u>as a procedural motion</u>."

(Emphasis added)

As you can clearly see, Your Honor, in order for a party to request consolidation of proceedings, it is a mandatory requirement that judgment must not have been issued in the case for which consolidation is sought. In this case, the motion to consolidate brought before the Sixth District Civil Court Judge of the Federal District sought to have the proceedings transferred specifically to Case No. 158/2008-II, which is being heard by you.

It is important to emphasize the fact that the Sixth District Civil Court Judge of the Federal District allowed the motion to consolidate filed by **COMMISA** in a separate action it had brought for confirmation and enforcement of the award, given that in these proceedings for Case No. 158/2008-II, **a judgment has not been issued**.

3

/[handwritten] 8
42/

**4.**- In accordance with the foregoing, and pursuant to the provisions of the above-cited articles of the Commercial Code, any request for consolidation of proceedings will be inadmissible if a judgment has been issued in the case for which consolidation is requested.

Thus, and given that in a ruling issued on June thirteenth, two thousand eight, published in the Official Gazette on the sixteenth of the same month and year, Your Honor ordered that the proceedings of Case 158/2008-II – *the subject of COMMISA's request for consolidation made to the aforesaid Sixth District Judge* – be transferred for the purpose of rendering judgment, there is a real and imminent possibility that irreparable harm will be caused to my client if Your Honor does in fact issue the judgment you mentioned in the ruling dated June thirteenth of this year.

**5.**- Therefore, in light of the imminent possibility that Your Honor does issue a judgment in accordance with the law in this Case No. 158/2008-II - *the subject of request for consolidation made to the oft-cited Sixth District Judge with regard to the proceedings of Case 227/2008-II* – and in view of the supplementarity of the Commercial Code in accordance with the provisions of Article 1054 thereof, which provides for the application of the Federal Code of Civil Procedure, I hereby request the following:

**PROVISIONAL REMEDIES**

By virtue of this pleading, in light of the imminent and real possibility that Your Honor does issue a judgment in this Case No. 158/2008-II, given that you ordered that the proceedings be transferred for the purpose of issuing judgment in a ruling issued on June thirteenth, two thousand eight, within this action brought by PEP against **COMMISA** to vacate the award, the latter finds that it is necessary to request, pursuant to Article 384 of the Commercial Code, the following **provisional remedy**:

We ask Your Honor to **suspend this proceeding to vacate the arbitration award in order to** <u>**postpone entry of judgment**</u> until the Sixth District Civil Court Judge of the Federal District has issued a decision on the motion to consolidate proceedings, which the latter had allowed to proceed in Case 227/2008-II concerning the motion to confirm and enforce the arbitration award, and which specifically seeks to consolidate said Case 227/2008-II with this Case 158/2008-II.

4

/[handwritten] 9
43/

**1.-** The Commercial Code is the procedural law which must govern the procedure for any motion to vacate an arbitration award such as this one, which is determined by the fact that the subject matter to which it refers is, specifically, commercial. In this case, the award that is the subject of the proceeding was issued in a *commercial* arbitration.

In fact, the Commercial Code is the law that regulates (in Book Five, Title Four) the procedure for initiating a commercial arbitration, and even the procedure for vacation or enforcement of an arbitration award issued in any arbitration proceeding. In this regard, and for exceptional cases, Articles 1460 and 1463 of the Commercial Code – *which provide the procedure for vacating or enforcing a commercial arbitration award* --, refer to Article 360 of the Federal Code of Civil Procedure for the processing of any proceeding for vacation or confirmation and enforcement of an arbitration award, in accordance with this latter provision.

In short, any proceeding for vacation – *such as this one* – or confirmation and enforcement of an arbitration award, must be conducted pursuant to Article 360 of the Federal Code of Civil Procedure; however, this article is only applicable in connection with the reference made to it in the Commercial Code. Therefore, the proceeding - *for vacation or confirmation and enforcement* – must be carried out, on the whole, in accordance with the provisions of the Commercial Code, and the Federal Code of Civil Procedure shall only apply in connection with the aforesaid reference *or, if appropriate, in a supplementary fashion.*

**2.-** As evidenced above, the Commercial Code is the law governing this proceeding. Additionally, Article 1054 of the Commercial Code provides that the Federal Code of Civil Procedure shall supplement the Commercial Code, as set forth in the text cited below:

> "**Article 1054**. In the event the parties do not agree on the procedure [to be followed] in the courts pursuant to the foregoing articles, and unless the commercial laws provide for a special procedure or <u>express supplementary provision, commercial proceedings shall be governed by the provisions of this Book and in the absence thereof, the Federal Code of Civil Procedure shall apply.</u>"

(Emphasis added)

Said supplementarity is applicable in those cases where all of the following circumstances are present:

**5**

/[handwritten] 10
44/

i.    The measure discussed in the procedure does not contain sufficient legal provisions for complete regulation thereof, or, said regulation contains legal voids.

ii.   The common procedural law regulates the same measure that is covered in the commercial procedure, with regard to which there are voids.

iii.  The Commercial Code expressly provides for the application of other laws in the event supplementary application is necessary.[1]

The applicability and admissibility of the supplementary application of the Federal Code of Civil Procedure is present in this case with regard to the Commercial Code, and therefore Article 384 of the Federal Code of Civil Procedure must be applied for the following reasons:

i.    Within the framework of provisional remedies – *understood as the procedure for maintaining the status quo* – if we examine the provisions of the Commercial Code which allow for preservation of the status quo, we can confirm that neither the pre-trial procedures set forth in Chapter X nor the protective measures set forth in Chapter XI of Title One of Book Five of the Commercial Code provide the option of requesting, at any stage of the proceeding, that the court order any measures necessary to preserve an existing situation.

ii.   For its part, Article 384 of the Federal Code of Civil Procedure fills this void by providing regulations for said measure, which refers to **provisional remedies** in general, and provides the Commercial Code with an additional procedure for requesting a provisional remedy that makes it possible to preserve any existing situation.

iii.  Finally, the Commercial Code expressly provides for the supplementary application of the Federal Code of Civil Procedure.

Furthermore, supplementation of the Commercial Code is supported by the following binding case law:

"Record No.: 170,787

---

[1] These three criteria are found in the Sixth conclusion of law of the court precedent whose record and subject matter information are as follows: Record No. 20951, Instance: Three-Judge Circuit Courts, Source: Supreme Court Reports and Gazette. Volume: XXVII, May, 2008, Page: 1068; Subject: COMMERCIAL OBLIGATIONS. ACTIONS ARISING THEREFROM FOR WHICH A TERM HAS NOT BEEN PRE-ESTABLISHED BY THE PARTIES OR BY THE PROVISIONS OF THE COMMERCIAL CODE MAY BE FILED WITHIN THE TIME PERIODS STIPULATED BY SAID CODE, WITHOUT IT BEING NECESSARY TO REQUEST PERFORMANCE OF SUCH OBLIGATION BY THE DEBTOR PRIOR TO FILING THE COMPLAINT.

6

/[handwritten] 11
45/

**Case law**
Subject Matter: Civil
Ninth Term
Court: First Division
Source: Judicial Seminar of the Federation and its Gazette
XXVI, December 2007
Opinion: 1a/J, 152/2007
Page: 79

**COURT-APPOINTED RECEIVERS AND INSPECTORS IN CHARGE OF ASSETS IN COMMERCIAL EXECUTORY TRIALS. IN ORDER TO ISSUE A RESOLUTION ORDERING A PRECAUTIONARY BOND TO GUARANTEE [the receiver] FULFILLS HIS DUTIES, IT IS APPROPRIATE TO APPLY – AS A SUPPLEMENT – THE RELEVANT LEGISLATION ON CIVIL PROCEDURE.**

The supplemental application of rules in business matters is only appropriate with respect to those institutions established in the Commercial Code that are not regulated, or where the regulations are insufficient. Since Articles 1392 and 1395 provide for the procedural institution of asset seizure, but do not regulate the rights and responsibilities of those appointed as receivers of those assets, therefore the court may supplementally apply the local or federal legislation on civil procedure (depending on the date the relevant business proceeding was initiated) in order to issue a resolution for a precautionary bond guaranteeing the deposit of the assets seized during a commercial, executory trial. This is confirmed by the provisions of Article 1392 of said commercial code, which states that seized assets shall be placed with the creditor, under his liability, on deposit with a person appointed by the creditor. Likewise, Article 1414 of the same Code provides that any incident or question that may arise during commercial executory trials shall be resolved by the judge based on the dispositions of Title Three of the same legal code. If there are no laws in that Title relevant to the incidents involved in ordinary commercial proceedings, and the matter is not covered by either provision, then the Court may refer to the provisions of the respective Code of Civil Procedure in order to provide the greatest degree of equity between the parties. Therefore, when seizure is deemed appropriate or when it is justifiably requested, the judge may order a precautionary bond so that the receiver or the inspector – who may not be the defendant – designated by the plaintiff can be held liable for the seized items, based on the applicable legal provisions of the relevant legislation on civil procedure.

Overturned Precedent 140/2006-PS, among those maintained by the Third Three-Judge Civil Court of the First Circuit, the First Three-Judge Civil and Labor Court of the Fifth Circuit (previously the Second Three-Judge Court of the same circuit), and the Seventh Three-Judge Civil Court of the First Circuit. October 3, 2007. Five votes. Writing for the Court: Juan N. Silva Meza. Clerk: Manuel Gonzalez Diaz.

Case law precedent 152/2007. Approved by the First Division of this High Court, holding a session on October 10, 2007.

Record No. 199.221
Case law
Subject Matter: Civil
Ninth Term
Instance: First Division
Source: Judicial Seminar of the Federation and its Gazette
V, March 1997
Ruling: 1a/J 897
Page: 290

**EMERGENCY MEASURES. TO BE APPLIED IN COMMERCIAL PROCEEDINGS, THE COURT SHALL REFER SUPPLEMENTALLY TO COMMON LEGISLATION.**

The procedure for conducting proceedings on commercial matters, in accordance with Article 1054 of the Commercial Code, allows the Court to apply the rules contained in the Codes of Civil Procedure for each State, when the above-cited Commercial Code does not contain express procedural rules on a particular legal question, generally when said point falls within the scope of commercial legislation, but the issue is not duly regulated or the provisions are deficient. Of course, this only applies as long as supplementally applying that provision does not contradict the Commercial Code. This general rule would appear not to permit supplemental application when dealing with emergency measures, given that such an institution does not exist in the above-cited code, much less any means to challenge such a measure. However, every judge in a proceeding has the authority to employ emergency measures to enforce his or her rulings, and this means that

/[handwritten] 12
46/

> supplemental application can be used, even when such an institution is not provided for in the
> legislation on trade matters, as long as it is indispensable for clarifying concepts that are ambiguous,
> obscure, contradictory or to remedy some omission. It is also permissible for the obvious reason that, if
> we do not completely establish such a supplemental application, including support of a
> challenge to that measure, the judge hearing a case with trade-related content would not be able
> to make use of legal measures intended to achieve justice promptly. Added to this is the
> supplementary nature of the law which, in this case, is a consequence of integrating and redirecting a
> specialized law to be used with other, general legislative texts that establish principles applicable to the
> regulation of the law being supplemented.
>
> Overturned Precedent 14/96, among those held by the Second and Third Three-Judge Courts, both for
> the Sixth Circuit, January 8, 1997. Unanimously with four votes. Absent: Olga Sanchez Cordero de
> Garcia Villegas, with prior notice to the Chief Justice. Writing for the court: Juan N. Silva Meza. Clerk:
> Jorge H. Benitez Pimienta.
>
> Case law precedent 8/97. Approved by the First Division for this High Court, holding a session on
> March 5, 1997, unanimously with four votes of the justices. Chief Justice Juventino V. Castro y Castro,
> Humberto Roman Palacios, Juan N. Silva Meza and Olga Sanchez Cordero de Garcia Villegas.
> Absent: Jose de Jesus Gudiño Pelayo, with prior notice to the Chief Justice.
>
> (emphasis added)

Pursuant to the foregoing, Article 384 of the Federal Code of Civil Procedure is applicable to supplement the Commercial Code in this case, given that it provides for the option of requesting, during the course of the proceedings, the application of any measures that may be necessary to maintain the status quo. This is clearly stated in the text of said Article 384, which, as it serves the basis for the **provisional remedies** requested herein, is cited below:

> "**Article 384.**- Prior to the commencement of legal proceedings, or during the conduct of
> the same, any measures necessary to maintain the status quo may be ordered. These
> measures shall be ordered without the opposing party being given an opportunity to be
> heard, and no appeals shall be admitted. Any ruling denying such measures will be
> subject to appeal."

**3.**- According to the arguments set forth herein, the *status quo* in the case at hand is the fact that a ruling has not been made on the motion PEP brought against **COMMISA** to vacate the award issued on January fifteenth, two thousand eight.

In fact, it is precisely this *status quo* situation that made it possible for **COMMISA** to file a motion to consolidate proceedings with the Sixth District Civil Court Judge of the Federal District within the action for confirmation and enforcement of the arbitration award, asking the Judge to order the consolidation of said proceedings with those being conducted in this case 158/2008-II.

**4.**- Furthermore, it is *necessary* for Your Honor to order the provisional remedy requested by **COMMISA** in order to preserve the *status quo* described in section 3 above. In fact, this provisional remedy is *necessary* because it is the only means of preserving said *status quo*,

8

/[handwritten] 13
47/

which is the fact that you, Your Honor, have not yet ruled on the motion to vacate.

The necessity of this measure is evidenced by the definition of the word *necessary* given in the Dictionary of the Spanish Language of the Real Academia Española [*Royal Spanish Academy*], which reads: "**necesario, ria.** *(From the Latin necessarius)… 4. Adj. That which is essential, or needed for a purpose."*[2] Thus, this provisional remedy must be considered *necessary* in order to maintain the aforesaid status quo, for two reasons:

    i.    The first resides in the fact that Your Honor is the Judge having jurisdiction over both the motion to confirm and enforce the arbitration award currently before the Sixth District Civil Court of the Federal District in Case 227/2008-II, and this motion to vacate brought in Case 158/2208-11.

In view of the simultaneous existence of these two proceedings, the requirements for establishing a defense of *lis pendens* have been met, given that the identity of the parties, the causes of action and the relief requested in both cases are the same. Therefore, once the consolidation of the proceedings is ordered – *within the motion to consolidate being heard by the aforesaid Sixth District Judge* -, it is you, Your Honor, who must hear and determine both cases, because you were the one who had jurisdiction in the first proceeding.

Additionally, the action to confirm and enforce the award issued on January fifteenth of two thousand eight that my client filed with the Sixth District Civil Court of the Federal District is an action that should be directly decided by you, Your Honor, in accordance with rules governing counterclaims, as set forth in Articles 1096 and 1380 of the Commercial Code, as follows:

"**Article 1069.**- The judge who has jurisdiction to hear a counterclaim is the judge who heard and decided the initial complaint.
…"

**Article 1380.-…-**
The main action and the counterclaim shall be argued at the same time and shall be decided in the same judgment".

    ii.    The second reason resides in the fact that only if this provisional remedy is granted will it be possible to maintain the *status quo* situation in which you have

---

[2] REAL ACADEMIA ESPAÑOLA, *Diccionario de la Lengua Española*, twenty-second edition, consulted on the following webpage: http://buscon.rae.es/draeI/SrvltConsulta?TIPO_BUS=3&LEMA=necesaria.

9

not yet rendered a decision in this proceeding to vacate the award, which is an essential requirement for the admissibility of the motion to consolidate currently before the Sixth District Civil Court of the Federal District in Case 227/2008-II.

As set forth above in Section **3** of the introductory chapter, Article 1360 of the Commercial Code provides that consolidation may be requested at any time until judgment is rendered.

Therefore, and given that the motion to vacate arbitration award is now at the procedural stage where the court notifies the parties that it is ready to enter judgment, in order to prevent the issuance of such judgment, which would irreparably impair **COMMISA'S** right to have the oft-cited consolidation granted and could also give rise to the issuance of conflicting judgments in two separate cases in which actions were brought seeking the exact opposite outcome – *vacation or confirmation and enforcement of the award* --, between the same parties – *PEP and COMMISA*--, regarding the same matter – *the award issued on January fifteenth, two thousand eight*--- it is *necessary* that Your Honor grant the provisional remedy requested herein, which is to maintain the current *status quo*, and **postpone the pronouncement of the judgment for this motion to vacate**, until such time as a ruling is issued on the motion for consolidation currently before the Sixth District Civil Court of the Federal District, under case No. 227/2008-II.

In view of the legal basis and arguments set forth above,

**I respectfully ask YOU, YOUR HONOR, to**

**FIRST**.- Acknowledge that **COMMISA** has submitted a certified copy of the court order issued on June twenty-seventh of two thousand eight, in which the Sixth District Civil Court Judge of the Federal District granted the proceeding to confirm and enforce the arbitration award and allowed the aforesaid motion for consolidation to proceed.

**SECOND**.- Acknowledge that **COMMISA** is filing this application for **provisional remedy** pursuant to the provisions of Article 384 of the Federal Code of Civil Procedure, which supplements the Commercial Code.

10

/[handwritten] 15
49/

THIRD.- Grant the **provisional remedy** requested herein, and postpone the pronouncement of judgment on this motion to vacate, until such time as the Sixth District Civil Court Judge of the Federal District rules on the motion for consolidation brought by **COMMISA** against PEP in case 227/2008-II regarding the confirmation and enforcement of the award.

**I ATTEST TO THE FOREGOING**

Mexico, Federal District. July Second, Two Thousand Eight.

[signature]

**MARCO TULIO VENEGAS CRUZ**

On behalf of

**CORPORACIÓN MEXICANA DE MANTENIMIENTO**

**INTEGRAL, S. DE R.L. DE C.V.**

# EXHIBIT B



FORMA B-7

**PODER JUDICIAL DE LA FEDERACIÓN**

158/2008-II

En tres de julio de dos mil ocho, se da cuenta al Juez con el escrito firmado por **MARCO TULIO VENEGAS CRUZ**, registrado en el libro de correspondencia de este juzgado bajo el número **9727**. Conste.

SECCIÓN _____ _____

MESA _____ _____

NÚMERO _____ __ __

MÉXICO, DISTRITO FEDERAL, A TRES DE JULIO DE DOS MIL OCHO.

Visto el escrito de MARCO TULIO VENEGAS CRUZ en su carácter de representante de la demandada, personalidad que tiene reconocida en autos, por el que solicita se decrete la medida cautelar consistente en suspender el pronunciamiento de la sentencia correspondiente al presente incidente de nulidad, hasta en tanto el Juez Sexto de Distrito en Materia Civil en el Distrito Federal, resuelva el incidente de acumulación tramitado en el expediente 227/2008-II relativo al reconocimiento y ejecución de laudo promovido por COMMISA en contra de PEP, en base a lo dispuesto en el artículo 384 del Código Federal de Procedimientos Civiles, de aplicación supletoria al Código de Comercio. Dígase al ocursante que no ha lugar a acordar de conformidad su solicitud ya que el numeral en que basa su solicitud no encuadra en la presente hipótesis, es decir, si bien indica que se pueden decretar todas las medidas necesarias para mantener la situación de hecho existente; también lo es que, se refiere a mantener la situación existente de las circunstancias que forman la materia de la litis y no respecto al trámite del procedimiento; tan es así que el artículo que prevee la tramitación de la acumulación no estipula la suspensión del procedimiento.

Guárdese en el seguro del juzgado el documento exhibido con el escrito de cuenta.

NOTIFÍQUESE.

Así, lo proveyó y firma el licenciado **CARLOS MANUEL PADILLA PEREZ VERTTI**, Juez Octavo de Distrito en Materia Civil en el Distrito Federal, ante la Secretaria que autoriza. Doy fe.

ESPERANZA



0 4 JUL. 2008

EN .
SE HACE CONSTAR QUE SE HIZO A LAS PARTES LA NOTI-
FICACION DE LA RESOLUCION ANTERIOR, POR MEDIO DE
LISTA QUE DEBIDAMENTE AUTORIZADA SE FIJA EN LUGAR
VISIBLE DE ESTE JUZGADO, DOY FE.

# Language Innovations, LLC™

*Helping businesses communicate worldwide*

1725 I Street  NW
Suite 300
Washington, D.C. 20006

tel    202-349-0712
fax    202-349-0127
email  translations@languageinnovations.com

## TRANSLATION CERTIFICATION

This is to certify that the translation of the attached document(s), **Ref.: Mexican Court Order,** was performed by a professional translator and is to the best of our knowledge and ability, a true and accurate translation of the original text delivered to Language Innovations, LLC by our client, **Hogan & Hartson, LLP**. The original document was translated from **Spanish** into **English** and at completion delivered to the client on **July 10, 2008.**

I hereby declare that all statements made herein are of my own knowledge and are true and that all statements made based on information or belief are believed to be true.

Language Innovations, LLC hereby agrees to keep the content of this translation confidential according to ethical and legal standards of the profession of Translation. Language Innovations, LLC agrees not to discuss, evaluate, distribute or reproduce any material included in or related to the translation of this document.

Date: ___JULY 10, 2008___

Signature: _____
Brian Friedman, Director
Language Innovations, LLC

Subscribed and sworn before me this __10th__ day of __JULY__ 20__08__, at Washington, DC.

JAMES M. REED
Notary Public District of Columbia
My Commission Expires June 30, 2012

_____
Notary Public

/[stamp] UNITED MEXICAN STATES]

JUDICIAL BRANCH OF THE FEDERATION/

/[handwritten] 50/

**158/2008-II**
On July third of two thousand eight, the Judge received the brief signed by
**MARCO TULIO VENEGAS CRUZ**, which was recorded in the docket book
of this court under No. **9727.** I certify the foregoing.

SECTION_____

FILING DESK_____        **MEXICO, FEDERAL DISTRICT. JULY THIRD, TWO THOUSAND**

NUMBER_____        **EIGHT.**

      Having reviewed the brief filed by MARCO TULIO VENEGAS CRUZ in his
capacity as legal counsel for the defendant, a capacity which is evidenced in the
case record, whereby he asks the court to order a provisional remedy consisting in
postponing the pronouncement of judgment on the motion to vacate, until such
time as the Sixth District Civil Court Judge of the Federal District rules on the
motion for consolidation brought by COMMISA against PEP in Case 227/2008-II,
regarding the confirmation and enforcement of the award, pursuant to Article 384 of
the Federal Code of Civil Procedure, which supplements the Commercial Code.
The petitioner shall be informed that its request is denied, because the provision
cited as the basis for its request is not applicable to the matter at hand. Although
said provision states that any measures necessary to maintain the current status
quo may be ordered, the fact is that it is referring to the act of maintaining the
status quo of the circumstances comprising the matter in dispute, and not the
conduct of the proceeding, such that the article which establishes the procedure for
consolidation [of cases] does not provide for suspension of the proceeding.

The aforesaid brief and the document submitted therewith shall be filed in the
records of this court.

NOTIFY.

So ordered and signed by **CARLOS MANUEL PADILLA PEREZ VERTTI**, the
Eighth District Civil Court Judge of the Federal District, before the attesting Court
Clerk. I certify the foregoing.

[three illegible signatures]

ESPERANZA

/[handwritten 17/

[illegible stamp]

/[stamped text]

                    04 JULY 2008
IN _____
THE PARTIES HAVE BEEN NOTIFIED OF THE ABOVE RULING BY
MEANS OF A DULY AUTHORIZED DOCUMENT POSTED IN A
VISIBLE LOCATION IN THIS COURT. I CERTIFY THE FOREGOING./

                    [illegible signature]